# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN LAMB, | ) |
| Petitioner, | ) ) |
| v. | ) No. 1:23-cv-00155-SEP |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is self-represented Petitioner Shawn Lamb's Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases, Doc. [4]. Based on the financial information submitted in support, the Motion is granted, and the $5 filing fee is waived. But for the reasons set forth below, the case is dismissed.

## FACTS AND BACKGROUND

At the time he filed this case, Petitioner was incarcerated at the Ste. Genevieve Detention Center. *See* Doc. [1] at 2. On August 15, 2023, Petitioner pled guilty in federal court to being a felon in possession of a firearm. He was sentenced to 57 months' imprisonment and three years' supervised release. *See United States v. Lamb*, No. 4:22-cr-546-CDP (E.D. Mo. Nov. 9, 2023), Doc. [122]. This suit arises from that conviction.

Petitioner initiated this action by filing a Petition for a Preliminary Injunction and a Temporary Restraining Order. *See* Doc. [1]. In that filing, Petitioner alleged that he was being illegally detained by the United States based on the Missouri Second Amendment Preservation Act, Mo. Rev. Stat. §§ 1.410-.485. *Id.* at 1-2. In an Order issued October 24, 2023, the Court found the "Petition" defective as a complaint commencing a civil case because it was not drafted on a Court-provided form. *See* Doc. [2]; E.D. Mo. L.R. 2.06(A). Furthermore, because it was unclear from the "Petition" whether Petitioner was seeking to file a civil action under 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Clerk was directed to send Petitioner both forms so that Petitioner could clarify his intent in the filing of his amended pleadings. In response, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. *See* Doc. [3].

Petitioner states that he is a federal pretrial detainee challenging his pending criminal action in this Court, case number 4:22-cr-00546-CPD-1, based on the following grounds:

(1) That the complaint/information for indictment fails to charge an offense against the laws of the United States because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred[;]

(2) That the trial court is without subject matter jurisdiction under 28 U.S.C. § 3231(3)[;]

(3) That the criminal statute exceeds the power of Congress as applied to alleged conduct because it violates "due process" rights secured under the Fifth Amendment, and encroaches on the sovereignty and jurisdiction of the state in violation of the 10[th] Amendment and the fundamental principle of federalism[; and]

(4) Second Amendment Preservation Act, 1.410-1.485 RSMo.

Doc. [3] at 2, 6-7.  Petitioner seems to allege that his federal charge is unconstitutional under the Missouri Second Amendment Preservation Act.  *See* Mo. Rev. Stat. §§ 1.410-.485.  For relief, he seeks "[a]n action at law, suit in equity, proper proceeding for redress" because he is "in custody in violation of the Constitution or laws or treaties of the United States."  Doc. [3] at 7.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241.  *See* Rules Governing § 2254 Cases 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").  It plainly appears that Petitioner is not entitled to relief.

First, Petitioner should pursue relief on his claims in his criminal matter.  When habeas claims raised by a federal pretrial detainee would dispose of the pending federal criminal charges, principles of judicial economy require that the petitioner first present those claims to the trial court, and then raise them on direct appeal if permissible.  *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994).  It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution.  *Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *see also Falcon v. U.S. Bureau of Prisons*,

52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case).

Petitioner cannot demonstrate that he has exhausted the remedies available to him in his pending criminal proceeding. Although Petitioner has plead guilty and been sentenced in his criminal matter, there is no indication that he cannot raise his claims on appeal. Because Petitioner cannot demonstrate exhaustion of any of his claims, relief under § 2241 is unavailable to him. Allowing a petitioner to file a § 2241 petition raising defenses to a pending federal criminal prosecution would interfere with the trial judge's control over a petitioner's pending criminal case, encourage "judge shopping," and cause needless duplication of judicial resources.

Second, Petitioner's § 2241 petition fails because it relies on the constitutionality of the Missouri Second Amendment Preservation Act, a state law making federal gun restrictions illegal in Missouri. *See* Mo. Rev. Stat. §§ 1.410-.485. Under 28 U.S.C. § 2241(c)(3), a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. In this case, Petitioner alleges that his federal criminal charge (*i.e.*, being a felon in possession of a firearm) is unconstitutional under the Missouri Second Amendment Preservation Act. But the Second Amendment Preservation Act has been found unconstitutional. See *United States v. Missouri*, 660 F. Supp. 3d 791, 809 (W.D. Mo. 2023). The United States Court of Appeals for the Eighth Circuit and United States Supreme Court both denied Missouri's application for a stay pending appeal. *See United States v. Missouri*, 2023 WL 6543287, at *1 (8th Cir. Sept. 29, 2023); *Missouri v. United States*, 144 S. Ct. 7 (2023). Thus, there are no grounds on which the Court can find that Petitioner is being held "in violation of the Constitution." 28 U.S.C. § 2241(c)(3).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases, Doc. [4], is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Doc. [3], is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 18th day of April, 2024.

SARAH E. PITLYK  
UNITED STATES DISTRICT JUDGE